Argued January 10, affirmed March 14, 1962

## OSKO *v.* OSKO

369 P. 2d 737

*Charles D. Burt,* Salem, argued the cause and filed a brief for appellant.

*John William Stortz,* Salem, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

McALLISTER, C. J.

This is a suit for divorce brought by the husband, Gordon Osko, against his wife, Sandra Osko, who denied that plaintiff was entitled to a divorce but did not file a cross-complaint. Both parties sought custody of their son, Brett, the only child of the marriage, who is now just past three years old.

■ The decree in the court below granted a divorce to the plaintiff husband, gave custody of Brett to plaintiff's parents, George and Nona Osko, and ordered plaintiff to pay his parents $50 per month for the support of the child. Defendant has appealed from the decree in its entirety, but her assignments of error challenge only that portion of the decree concerned with the custody of the child.

As indicated, the only real issue in this case, both here and in the trial court, is the custody of the child. On that issue the court heard exhaustive testimony, both on a motion for custody *pendente lite* and on the trial. The only testimony before us is that offered on the trial which comprises 817 pages. We have reviewed this testimony with care and fully agree with the trial judge that, at least for the present, the welfare of the child will best be served by the custody arrangements provided in the decree.

The parties were married in 1958 when both were still in high school, and the problems confronting these immature young people were compounded when plaintiff departed within a few months for service in the navy. After the child was born and while her husband was away the defendant carried on for several months an adulterous affair with another man, which resulted in the dissolution of the marriage.

It would serve no useful purpose to take further note of the evidence in this case. The trial judge con-

cluded, and we think properly, that the plaintiff entirely failed to demonstrate sufficient maturity or stability to justify entrusting him with the important responsibility of rearing his child.

In deciding not to give custody of the child to defendant the trial court was influenced not only by defendant's misconduct but by the "casualness" of her meretricious relationship. In his written opinion the trial judge said:

> "There is no question but what defendant loves the child and gave him good physical care but something more than physical care is needed in the rearing of a child. Proper respect and concern for the moral code and standards of society are necessary on the part of the parent if he or she is to be considered fit to be entrusted with the grave responsibility of rearing the child.

> "I am constrained to hold that it would endanger the future welfare of this child to award his custody to the defendant who has displayed such a callous and flagrant disregard of morality, the law and the sancity [sic] of her marital relationship. At least at the present time it is not proper that such a person be given the responsibility of guiding the spiritual, mental, moral and physical development of this child."

We agree that at the present time, custody of the child should not be given to defendant.

On the other hand, the evidence is clear that Nona Osko, the paternal grandmother, is eminently qualified to care for Brett until such time as one of his parents demonstrates that he or she has become qualified to assume parental responsibility.

■ Defendant in her brief attempts to distinguish *Shrout v. Shrout,* 224 Or 521, 356 P2d 935, which overruled some of our earlier cases which placed undue

emphasis on motherhood as a factor in deciding questions of custody. The opinion in *Shrout* cannot be distinguished. We intended to and did expressly overrule *Goldson v. Goldson,* 192 Or 611, 236 P2d 314, and other cases which in effect held that a mother usually should have custody of her children of tender years regardless of her moral derelictions. We emphasize again that although motherhood is a factor to be given great weight, the "moral transgressions of the mother must be considered, together with other relevant factors, in determining what is best for the children."

The judgment is affirmed.